UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Allstate Insurance Co., <br><br> Plaintiff, <br><br> v. <br><br> Electrolux Home Products, Inc., <br><br> Defendant. | Civil No. 3:22-cv-01031 (OAW) <br><br><br> July 31, 2023 |

### RULING ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 39)

The plaintiff, Allstate Insurance Company ("Allstate"), has filed a motion to compel raising seven principal issues with the document production served by the defendant, Electrolux Home Products, Inc. ("Electrolux") in this insurance subrogation case arising out of a dryer fire. ("Motion," ECF No. 39.) Electrolux has filed a short and thinly argued objection responding to some, but not all, of Allstate's issues. ("Objection," ECF No. 48.) The presiding District Judge, the Hon. Omar A. Williams, referred the motion to me, Magistrate Judge Thomas O. Farrish. I heard oral argument on July 6, 2023. (Minute Entry, ECF No. 55.) For the following reasons, Allstate's motion is **GRANTED** as to Issues One through Six, and **DENIED WITHOUT PREJUDICE** on the current record as to Issue Seven.

1. **Issue One – Manner of Production**

Allstate first complains about the "manner in which Electrolux produced its documents." (Pl.'s Memo. of L., ECF No. 39-1, at 7) ("Memo."). It says that Electrolux's 400,000-page production is difficult to search and haphazardly organized. It seeks orders directing Electrolux to (a) "produce its documents in a manner where Plaintiff can search by bates label" and (b) "index its document production" to the corresponding production requests. (*Id.* at 9.) In its Objection,

Electrolux does not seriously dispute that its production is disorganized and difficult to navigate. But it argues that "there is no Federal practice provision that requires a defendant to collate and organize, at its own expense, materials produced in discovery to a plaintiff for that plaintiff's ease of use."  (Objection at 5.)

The Court agrees with Allstate on Issue One.  Rule 34 provides two options for producing documents – the producing party may "produce documents as they are kept in the usual course of business," or it may "organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(2)(E).  There is no third choice; the producing party must do one or the other. *See, e.g., Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-cv-1361 (JCH) (HBF), 2014 WL 2515221, at *2 (D. Conn. June 4, 2014) (holding that, because plaintiffs had not shown that they produced as kept in the usual course, they must index their production).  In its Objection, Electrolux does not argue that it complied with the first option.  Moreover, at oral argument its counsel could not explain how the documents were maintained at the company's offices, let alone confirm that they were produced to Allstate that way.  Because Electrolux did not comply with the first option, the Court will order it to comply with the second by "organiz[ing] and label[ing]" its document production "to correspond to the categories in the request."

Rule 34 also provides that electronically stored information must be produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  Fed. R. Civ. P. 34(b)(2)(E)(ii).  Because Electrolux has not shown that it produced its information as it is "ordinarily maintained," it must produce it in "a reasonably useful form," and the Court is persuaded that it has not.  Electrolux will therefore be ordered to re-produce the production to Allstate in a reasonably useful form that is, at a minimum, searchable by Bates number.

2. **Issue Two – Request for Production No. 59**

Allstate and Electrolux have litigated several other dryer fire subrogation cases. One such case, *Allstate Insurance Co. v. Electrolux Home Products, Inc.*, No. 5:16-cv-4276 (EGS) (E.D. Pa.), went to a jury in the Eastern District of Pennsylvania in 2019. In Request for Production No. 59 in this case, Allstate essentially asked Electrolux to re-produce the roughly 100 documents that composed its exhibit list in the Pennsylvania trial. (Memo. at 9-13.) Electrolux objects to re-producing the documents on the ground that they "are already in possession of this plaintiff." (Objection at 3.) Allstate acknowledges that it likely still has the materials, but it says that re-production is necessary in part because of the slapdash way in which Electrolux produced its documents. (Memo. at 9) (contending that "[t]his style of request is necessary because . . . it is cumbersome and time consuming to find specific documents within Electrolux's 400,000 page document production").

Issue Two appears to have been mooted by the disposition of Issue One, because once Electrolux indexes its production, Allstate's problem should be solved. Nevertheless, because Electrolux's Objection does not dispute the relevance of the 100-odd documents;[1] and because no affiant has confirmed that all such documents have been produced; and because Electrolux has not shown that re-production would impose any meaningful burden – let alone an undue burden –

---

[1] When it responded to Allstate's production requests, Electrolux objected to Request No. 59 on the ground that it sought "information that is neither relevant to the claims or defenses of any party to this action, nor proportional to the needs of the case[.]" (ECF No. 39-5, at 40.) But it did not brief that objection, and "[c]ourts around the country have held that failure to brief an objection constitutes an abandonment of that objection." *Huseby, LLC v. Bailey*, No. 3:20-cv-167 (JBA) (TOF), 2021 WL 723319, at *4 n.1 (D. Conn. Feb. 24, 2021) ("*Huseby I*"); *U.S. Equal Emp. Opp. Comm'n v. Yale New Haven Hosp.*, No. 3:20-cv-187 (SALM) (TOF), 2022 WL 2290633, at *9 n.3 (D. Conn. June 24, 2022) (same). Electrolux did attach a single sentence to the end of its brief, purporting to "reiterate[]" and "incorporate[]" its Rule 34(b)(2)(C) objections (Objection at 6), but that is insufficient to preserve those objections.

when the documents are presumably close at hand from the earlier case; the Court will order Electrolux to produce any heretofore-unproduced documents that are responsive to Request No. 59.

    **3. Issues Three and Five – Discovery Requests Concerning Similar Incidents**

Issues Three and Five have a common thread: in each instance, Allstate asks Electrolux to produce information on other dryer fires that are said to be like the one at issue in this case. (Memo. at 13-16, 18-19.) In Issue Three, Allstate seeks an order compelling compliance with Interrogatory 8 and Requests for Production Nos. 27, 29 and 31, all of which inquired in one way or another about "other similar fires in Electrolux ball-hitch dryers." (Memo. at 13; *see also* ECF No. 39-5.) In Issue Five, Allstate seeks to compel compliance with Request for Production No. 8, which demanded transcripts of deposition or trial testimony by Electrolux employees or experts "in any lawsuit alleging a fire originating in Electrolux Ball-Hitch Clothes Dryers due to a failure to isolate the heat source from lint, a mechanical failure of the rear bearing or the failure to contain a fire within the appliance." (ECF No. 39-5, at 6.)

The parties' dispute over these discovery requests implicates well-settled principles. "When a party files a motion to compel, it bears the initial burden to show the relevance of the information it seeks." *Huseby, LLC v. Bailey*, No. 3:20-cv-167 (JBA) (TOF), 2021 WL 3206776, at *6 (D. Conn. July 29, 2021) ("*Huseby II*"). At the discovery stage, "relevance is an extremely broad concept." *Id.* Once the moving party makes "a *prima facie* showing of relevance," "it is up to the responding party to justify curtailing discovery." *Id.* When the responding party asserts undue burden or lack of proportionality as its justification for non-production, it "must ordinarily demonstrate that burden with an affidavit or other proof." *Doe v. Wesleyan Univ.*, No. 3:19-cv-1519 (JBA) (TOF), 2021 WL 4704852, at *4 (D. Conn. Oct. 8, 2021).

Electrolux says that Allstate has not met its burden to demonstrate relevance because it has not shown that the "other incidents involved circumstances that were similar enough" (Objection at 6), but the Court disagrees. "Unlike at trial, where evidence of similar accidents is admissible only if those accidents are shown to be 'substantially similar,' a court may allow discovery of similar accidents provided that the 'circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case." *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 166 (S.D.N.Y. 2011) (quoting *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, No. 02-cv-1154, 2003 WL 103016, at *4 (E.D. La. Jan. 9, 2003)); *see also N.J. Mfrs. Ins. Grp. v. Electrolux, Inc.*, No. 10-cv-1952 (WJM), 2011 WL 5117781, at *3 (D.N.J. Oct. 26, 2011) (ordering Electrolux to "identif[y]" "any dryer that encompasses the alleged design defects"). Here, Allstate has limited its requests to fires that occurred under similar circumstances. Requests 27, 29 and 31, for example, seek documents relating only to fires that originated in a ball-hitch dryer "due to lint ignition and/or that fire spread to combustible plastic components and escaped the dryer cabinet," which is the incident type alleged in this case. (ECF No. 39-5, at 17-19.) Similarly, Request 8 is limited to transcripts from cases involving fires in ball hitch-style dryers caused by defects like the ones alleged here. (*Id.* at 6.) Having limited its inquiry to those other incidents that are "similar enough," *Cohalan*, 276 F.R.D. at 166, Allstate's requests are relevant discovery in the contemplation of Rule 26.

Electrolux complains that Allstate already has much if not all of this material. (Objection at 4.) But as with Issue Two, it has not confirmed the completeness of its production with an affidavit, nor has it sustained its claim that it would be unduly burdensome to re-produce the documents. Moreover, as with Issue Two, these issues may be substantially mooted once Electrolux indexes its production. Allstate's motion is therefore granted as to Issues Three and

5

Five, and Electrolux will be ordered to comply fully with Interrogatory 8, and to produce any heretofore-unproduced documents that are responsive to Requests for Production 8, 27, 29, and 31.

  4. **Issues Four and Six – Alternative Designs and Combustibility**

In Issues Four and Six, Allstate seeks an order compelling Electrolux to comply with those discovery requests that concern other dryer designs and the combustibility of their components. (Memo. at 16-18, 19-21.)  These requests go to the issue of a reasonable alternative design and, therefore, are plainly relevant in this product liability case.  *See Bifolck v. Philip Morris, Inc.*, 324 Conn. 402, 434-35 (2016) ("Under the risk-utility test . . . a product is in a defective condition unreasonably dangerous to the consumer if," *inter alia*, a "reasonable alternative design was available that would have avoided or reduced the risk of harm and the absence of that alternative design renders the product unreasonably dangerous.").  Electrolux objected to the requests that concern "bulkhead design" dryers on grounds of overbreadth, undue burden, and lack of proportionality (*e.g.*, ECF No. 39-5, at 17, 18, 19, 30, 31), but it neither briefed those objections nor supported them with an affidavit from a knowledgeable document custodian explaining the burdens that compliance would entail.  Electrolux also objected to the interrogatories concerning "combustibility" on grounds of vagueness (*e.g.,* ECF No. 39-4, at 7-8), but it did not brief that objection either, and in any event the Court observes nothing vague about the questions.  *Huseby I*, 2021 WL 723319, at *4 n.1 ("Courts around the country have held that the failure to brief an objection constitutes an abandonment of that objection.").  Allstate's motion is therefore granted as to Issues Four and Six, and Electrolux will be ordered to comply with Interrogatories 9, 11, 14 and 15 and Requests for Production 28, 30, 32, 51, 52, 53 and 54.

5.  **Issue Seven – Investigative Reports**

In Issue Seven, Allstate seeks an order compelling Electrolux to produce expert investigative reports from prior dryer fires. (Memo. at 21.) Electrolux says that any such reports would be protected by the work product doctrine (Objection at 6), but it is well-established that this sort of blanket assertion is "never sufficient to prevent discovery, since the party opposing discovery must establish that each document is work product." *Weber v. Paduano*, No. 02-cv-3392 (GEL), 2003 WL 161340, at *7(S.D.N.Y. Jan. 22, 2003). A party invoking the work product doctrine "bears the burden of establishing its applicability to the case at hand," *In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002*, 318 F. 3d 379, 384 (2d Cir. 2003), and in this district, carrying that burden requires logging each claim on a document-by-document basis in a privilege log meeting the requirements of D. Conn. L. Civ. R. 26(e). Electrolux has not done this.

Yet even though Electrolux has not properly supported its work product claims, the Court will not grant Allstate's motion on this issue at this time. While the failure to serve a timely privilege log can be sufficient grounds for a finding of waiver, *see Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006), courts in this district are "generally reluctant" to reach that result. *Main St. Am. Assur. Co. v. Savalle*, No. 3:18-cv-2073 (JCH) (SALM), 2019 WL 4437923, at *4-5 (D. Conn. Sept. 16, 2019). "[P]rivileges serve important values," and because they do, "courts are not quick to find that they have been waived." *Imperati v. Semple*, No. 3:18-cv-1847 (RNC) (TOF), 2020 WL 4013304, at *5 (D. Conn. July 16, 2020). In *Imperati*, for example, the court gave a defendant an additional opportunity to support certain privilege claims, because its failure to serve a timely log had not been especially willful and the plaintiff had not been harmed by the delay. *Id.* at *8-9. The same is true here, and accordingly Allstate's motion is denied without prejudice as to Issue Seven on the current record.

If Electrolux wishes to assert work product claims with respect to any documents responsive to Request for Production No. 58, it must serve a privilege log meeting the requirements of D. Conn. L. Civ. R. 26(e) by August 14, 2023.  If Allstate believes that any of the logged documents are not protected by the work product doctrine, it may renew its request for an order compelling compliance after following the meet-and-confer process set forth in D. Conn. L. Civ. R. 37.

6. **Conclusion and Order**

For the foregoing reasons, Allstate's Motion is granted as to Issues One through Six, and denied without prejudice as to Issue Seven.  Electrolux is **ORDERED** to do the following by August 14, 2023:

- Organize and label its document production to correspond to Allstate's document production requests;
- Re-produce its document production in reasonably useful form, to include, at a minimum, rendering it searchable by Bates number;
- Produce any heretofore-unproduced documents that are responsive to Request for Production No. 59;
- Comply fully with Interrogatory No. 8 and Requests for Production Nos. 8, 27, 29, and 31;
- Comply fully with Interrogatories Nos. 9, 11, 14 and 15 and Requests for Production Nos. 28, 30, 32, 51, 52, 53 and 54; and
- For any documents responsive to Request for Production No. 58 that are withheld under a claim of work product protection, serve a privilege log upon Allstate meeting the requirements of D. Conn. L. Civ. R. 26(e).

D. Conn. L. Civ. R. 37(d) ("Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order.").

This is not a recommended ruling.  It is a ruling by a Magistrate Judge on a "nondispositive motion[] . . . relating to discovery," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous or contrary to law" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b).  It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).  The parties are respectfully reminded that, in the event of an objection, "[a] district court ordinarily will not consider new arguments, evidence, or case law that could have been but were not presented to the magistrate judge." *Allen v. United Parcel Serv.*, 988 F. Supp. 2d 29, 299 (E.D.N.Y. 2013) (citing cases).

*/s/ Thomas O. Farrish*
Thomas O. Farrish
United States Magistrate Judge
